𝒩

FILED

06 JUL 24 PM 5:04

UNITED STATES BANKRUPTCY COURT CLERK. U.S. BANKRUPTCY CT.
EASTERN DIST. OF CA.
MODESTO, CA

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 06-90257-A-13G |
| CLIFFORD A. ROGERS, JR., and GLENNA G. ROGERS, | Docket Control No. SPS-1 |
| Debtors. | |

## MEMORANDUM

The creditor, American General Finance, has filed an ex parte motion seeking an order confirming that the automatic stay has been "terminated" pursuant to 11 U.S.C. § 362(c)(3)(C). The ex parte application will be dismissed without prejudice.

First, the ex parte motion bears the same docket control number as an earlier filed objection to confirmation. This is impermissible. See Local Bankruptcy Rule 9014-1(c). The purpose of a docket control number is to insure that all pleadings and documents filed in connection with a particular motion or objection are associated with that motion or objection. By using a docket control number for more than one motion or objection, this purpose is frustrated and the court or a party in interest is apt to be confused as to what pleadings and documents are relevant.

Second, notice and a hearing is required. Further, the proposed order appears calculated to mislead the court into

1  believing that a hearing was held on July 24, 2006.  This date

2  and time is included in the caption.  However, that was the date

3  and time of the hearing on the objection to confirmation that has

4  the same docket control number.  There is no good reason for the

5  date and time of the hearing on the objection to confirmation

6  should be on an order regarding the automatic stay.

7      Third, and preliminarily, it does not appear that the

8  automatic stay has been "terminated" by section 362(c)(3).

9  Rather, section 362(c)(3) provides that the automatic stay

10  expires on the 30th day after the filing of the petition "with

11  respect to a debt or property securing such debt . . . with

12  respect to the debtor. . . ."  This language limits only the

13  protection given the debtor and the debtor's property.  <u>See In re</u>

14  <u>Johnson</u>, 335 B.R. 805 (Bankr. W.D. Tenn. 2006).  Section

15  362(c)(3) has no impact on the duration of the automatic stay vis

16  a vis property of the estate.  <u>See also In re Jones</u>, 339 B.R. 360

17  (Bankr. E.D.N.C. 2006); <u>In re Paschal</u>, 337 B.R. 274 (Bankr.

18  E.D.N.C. 2006).

19      It appears, then, that the debtors' interest in American

20  General's collateral is unprotected by the automatic stay but the

21  automatic stay remains viable as to the estate.  Of course, the

22  court will revisit this issue when the matter is set for hearing.

23      A separate order will be entered.

24  Dated: 24 July 2006

25

26                  By the Court

27

28                  _____
                     Michael S. McManus, Chief Judge
                     United States Bankruptcy Court

## CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Ann Friend
PO Box 830
Modesto, CA 95353-0830

Spencer Scheer
100 Smith Ranch Rd #306
San Rafael, CA 94903

Clifford Rogers
7550 Gilbert Rd
Oakdale, CA 95361

Glenna Rogers
7550 Gilbert Rd
Oakdale, CA 95361

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Office of the U.S. Trustee
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: July 24, 2006

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus